GOO WAN HOY *v.* ROSE McKEAGUE AND DANIEL McKEAGUE.

No. 1066.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. C. W. ASHFORD, JUDGE.

SUBMITTED APRIL 15, 1918.                    DECIDED APRIL 18, 1918.

COKE, C.J., QUARLES AND KEMP, JJ.

APPEAL AND ERROR—*instruction—illegal consideration.*

Where a requested instruction erroneously assumes that if a part of the consideration for the note sued on was illegal the burden of showing to what extent such consideration was illegal devolves upon the defendant and in the absence of such evidence the jury should find the full amount of the note in favor of the plaintiff such requested instruction is properly refused.

BILLS AND NOTES—*illegal consideration.*

A note given in part for intoxicating liquors sold without a license to sell the same, the note not showing on its face how much of the consideration was for such liquors, is indivisible and is void on account of illegality in the consideration.

OPINION OF THE COURT BY QUARLES, J.

This is an action of assumsit upon a note which was given by the defendants to Pong Kong Sing and by the latter, after maturity, assigned to the plaintiff for col-

lection. The cause was tried to a jury resulting in a verdict in favor of the defendants. With the answer defendants filed an affidavit showing that the note was given for intoxicating liquors sold by the payee to the payors the payee having no license to sell intoxicating liquors, and claiming that by reason of such fact the note is void. At the trial the defendant Rose McKeague testified that the note was given for intoxicating liquors, samshu, gin and wine, sold by Pong Kong Sing to her husband, portions of which were by him drank on the premises where sold and portions of the same taken to the home of the defendants. Pong Kong Sing testified that the note was given in settlement of merchandise sold by him consisting alone of food-stuffs and wearing apparel. It was admitted that Pong Kong Sing had no license to sell intoxicating liquors. The cause is before us upon exceptions by the plaintiff, three of which were to the action of the court in giving and refusing instructions, and one to the verdict.

One exception is to the refusal of the court to allow plaintiff's request for the following instruction: "I instruct you, that if you believe from the evidence that the note in evidence in this case was given by the defendants to Pong Kong Sing in payment of an account due to said Pong Kong Sing and that said account contained, in part, items for the purchase price of certain intoxicating liquors sold by Pong Kong Sing that it is your duty to return a verdict for the plaintiff, in the amount of One Hundred and Ninety-seven 40/100 Dollars, with interest, less any sum, which has been proven to you by a preponderance of evidence to have been the purchase price for certain intoxicating liquors illegally sold by Pong Kong Sing."

The court gave the following instruction requested

by the defendants: "If you find from the evidence that a part of the consideration for the note mentioned in the complaint was the price of intoxicating liquor sold by Pong Kong Sing to the defendants, or either of them, you have to deduct the amount of such consideration from the principal of the note and return a verdict for the balance only after such deduction" to which plaintiff excepted.

The court gave the following instruction: "Now, gentlemen, the court instructs you, of its own motion, if you believe that the price of intoxicating liquors sold by Pong Kong Sing to the McKeagues, or either of them, constituted any part of the consideration for the note in this case, then that fact vitiates the consideration of the note, and the plaintiff, as the assignee of the note can recover only so much as he shall prove to you is represented by a legal consideration; in other words, the consideration, the reason of the giving of the note having been once vitiated and impugned, it is not for the defendants to show to what extent it has been vitiated but it is for the plaintiff to show to what extent it is good, and, if he has not shown you to what extent it is good, and, if you believe that to some extent it is bad, why then, manifestly, you have nothing before you upon which you can find for him in any specific amount. You see the obvious conclusion?" to the giving of which instruction by the court the plaintiff excepted.

The said request for instruction by the plaintiff was properly refused as it erroneously assumed that if a part of the consideration for the note was illegal that the burden of showing how much of it was illegal devolved upon the defendants, and in the absence of evidence showing how much was illegal that plaintiff was entitled to recover the whole. This is not the law. The re-

quested instruction given by the court at the instance of the defendants and the instruction given by the court on its own motion were more favorable to the plaintiff than is justified by the law. The law is pretty well settled that where a note is given for an entire sum of money, the consideration or a part thereof being illegal, the whole note is vitiated and there can be no recovery thereon. We have a statute (Sec. 2155 R. L.) which prohibits the sale of intoxicating liquors without a license so to do and makes such sale a criminal offense. Section 8 of the Revised Laws is as follows: "Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed." Under the head of "Bills and Notes" we find in 3 R. C. L., par. 149, a well written summary of the law as follows:

"A partial want or a partial failure of consideration avoids a note only pro tanto, but illegality in a part of the consideration upon which the promise contained in the note is founded avoids the entire promise and renders the entire note uncollectible. The reason of this distinction is said to be founded, partly at least, on grounds of public policy, and partly on the technical notion that the security is entire, and cannot be apportioned; and it has been said, with much force, that where parties have woven a web of fraud or wrong, it is no part of the duty of courts of justice to unravel the threads and separate the sound from the unsound. Whatever its foundation may be, the doctrine is abundantly sustained by the whole current of the decisions on the subject, both in England and in this country. And, in general, it makes no difference, as to the effect, whether the illegality arises under the common law or a statute. It is true that there are cases arising upon contracts based in part upon a legal, and in part upon an illegal, consideration where the courts have permitted an enforcement to the extent of the good consideration. Where

the consideration for a contract is made up of several distinct transactions or several parts, some of which are legal while others are illegal, but the legal portions of the consideration can be separated from the illegal portion, the contract will be upheld.   But it is equally true that if any part of an indivisible promise, or any part of an indivisible consideration for a promise, is illegal, the whole is void, and no action can be maintained thereon. And when the legal and illegal considerations are blended and a promissory note is taken for the whole, the note is deemed to be entire and indivisible.   This rule frequently has been applied to notes given in payment of accounts consisting in part of articles, intoxicating liquors for example, sold in violation of law.   In such a case recovery on the instrument is denied."   See cases cited in the foot-notes, especially the case of *State* v. *Wilson,* 73 Kans. 343, and notes to the same case in 117 Am. St. Rep. commencing on page 493.

A note given in part for intoxicating liquors sold without a license to sell the same, the note not showing on its face how much of the consideration was for such liquors, is indivisible and is void on account of illegality in the consideraton.

The exceptions are overruled.

*Lightfoot & Lightfoot* for plaintiff.

*E. K. Aiu* for defendants.